Glenn R. Kantor, SBN 122643
Email: gkantor@kantorlaw.net
Peter S. Sessions, SBN 193301
Email: psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California, 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
Richard Sepulveda

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

Plaintiff Richard Sepulveda herein sets forth the allegations of his Complaint against Defendant Hartford Life and Accident Insurance Company.

## PRELIMINARY ALLEGATIONS

1. Jurisdiction: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee

benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under an employee benefit plan. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant an employee of Whole Foods Market Services, Inc. or one of its corporate subsidiaries, predecessors, or affiliates ("Whole Foods") and a resident of Los Angeles County in the State of California.

3. Plaintiff is informed and believes that Defendant Hartford Life and Accident Insurance Company ("Hartford" or "Defendant") is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Central District of California, and can be found in the Central District of California. Upon information and belief, Hartford is the successor insurer of a group long term disability policy issued by Continental Casualty Company ("CNA") to Whole Foods that insured Whole Foods' long term disability employee benefit plan ("LTD Plan"), and acted in the capacity of a plan administrator and plan insurer. Hartford administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. Plaintiff is informed and believes that the group LTD policy issued by CNA to the LTD Plan is identified as No. SR-83091575 (the "Policy").

5. Defendant can be found in this judicial district and the LTD Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

6. Plaintiff is informed and believes that the Policy insures employees who are residents of the State of California.

7. Plaintiff is informed and believes that the Policy has an annual renewal date after January 1, 2012.

8. Plaintiff is informed and believes that the Policy has remained in effect since its inception, and was renewed after January 1, 2012.

<h2 style="text-align:center">FIRST CLAIM FOR RELIEF<br>AGAINST HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS<br>(29 U.S.C. § 1132(a)(1)(B))</h2>

9. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

10. At all times relevant, Plaintiff was employed by Whole Foods, and was a covered participant under the terms and conditions of the LTD Plan. The LTD Plan was insured by Hartford and/or its predecessors, and Hartford was also the LTD Plan claims administrator and made all decisions to pay or deny benefit claims.

11. During the course of Plaintiff's employment, Plaintiff became entitled to LTD benefits under the terms and conditions of the LTD Plan. Specifically, in or about December of 2000, Plaintiff ceased work due to his disabling condition.

12. Thereafter, Plaintiff submitted a claim for LTD benefits to CNA. Plaintiff is informed and believes that Hartford identifies his claim as Claim No. 9001609857.

13. Defendant Hartford and/or its predecessors paid benefits under the LTD Plan through October 28, 2019.

COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

14. Thereafter, Hartford denied Plaintiff's claim for benefits on the ground that Plaintiff's medical condition no longer met the LTD Plan requirements to establish him as disabled.

15. Plaintiff appealed this determination.

16. On or about February 4, 2020, Defendant Hartford denied Plaintiff's appeal of the denial of his LTD claim. As a result, Plaintiff has exhausted his appeals under the LTD Plan.

17. Defendant breached the LTD Plan and violated ERISA in the following respects:

   (a) It failed to pay LTD benefit payments to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits;

   (b) It failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claim for LTD benefits;

   (c) It failed, after Plaintiff's claim was denied, to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary; and

   (d) It failed to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim.

18. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied his claim for benefits under the LTD Plan by other acts or

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

19. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all appeals as required under the LTD Plan and ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

20. As a proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

21. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

22. The wrongful conduct of Defendant has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due Plaintiff up to and including the date of judgment;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

5. Such other and further relief as this Court deems just and proper.

DATED: January 14, 2021               KANTOR & KANTOR, LLP


                                      By:  /s/ Peter S. Sessions
                                           Peter S. Sessions
                                           Attorneys for Plaintiff
                                           Richard Sepulveda